788 A.2d 830 (2002)
346 N.J. Super. 550
Mary SCHEER, Plaintiff/Respondent,
v.
Amy DiBENEDETTO, Defendant/Respondent, and
Travelers Indemnity Company, Defendant/Appellant, and
Hugh Heagney, Defendant.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 2001.
Decided January 18, 2002.
Edward McElroy, Hanover, argued the cause for appellant (William E. Staehle, East Hanover, attorney; Jeffrey A. Savage, Newark, on the brief).
Victor J. Horowitz, Piscataway, argued the cause for respondent Mary Scheer.
Traci A. Zalinski, Cedar Grove, argued the cause for respondent Amy DiBenedetto (Bashwiner and Woods, attorney; Ms. Zalinski, on the brief).
No other parties participated in this appeal.
Before Judges EICHEN, COLLESTER and PARKER.
The opinion of the court was delivered by EICHEN, J.A.D.
The question posed by this appeal is whether an underinsured motorist (UIM) carrier which has intervened in a personal injury automobile action in the Superior Court involving multiple defendants should have been permitted to continue in the action to protect its liability exposure to plaintiff after plaintiff settled with one of the defendants. We conclude that the UIM carrier should have been permitted to remain as a party to protect its liability exposure to the plaintiff. Because the judge prevented the UIM carrier from participating, we reverse.
Plaintiff Mary Scheer commenced a personal injury automobile negligence action alleging that she was injured in a three car chain reaction collision on November 7, 1995. She contends she was waiting to make a left turn when her vehicle *831 was struck in the rear by defendant Amy DiBenedetto's vehicle. Defendant DiBenedetto claims she was stopped behind plaintiff's vehicle when defendant Hugh P. Heagney's vehicle suddenly struck her vehicle forcing it into the rear of plaintiff's vehicle.[1]
Defendant Heagney's automobile was covered by a liability policy issued by Allstate Insurance Company in the mandatory minimum amount of $15,000. Plaintiff had liability and underinsured motorist (UIM) coverage of $1 million under a policy issued by the Travelers Insurance Company (Travelers). Defendant DiBenedetto also had liability coverage of $1 million under an automobile insurance policy issued by Providence Washington Insurance Company.
On December 16, 1999, the matter was submitted to court-sponsored non-binding arbitration. Plaintiff rejected the award and filed a demand for a trial de novo.
On January 13, 2000, plaintiff informed Travelers of her intention to pursue a UIM claim under the arbitration clause of her automobile liability insurance policy. A short time later, defendant Heagney offered to settle plaintiff's claims against him for the $15,000 coverage available under his insurance policy. Meanwhile, the court granted Travelers motion for leave to intervene in the personal injury action instituted by plaintiff. On June 2, 2000, Travelers advised plaintiff it did not oppose plaintiff's settlement with defendant Heagney for the $15,000 maximum coverage available under his policy, and plaintiff accepted the settlement offer from Heagney, releasing him from further liability for the accident. Thereafter, a date was scheduled for trial on the issue of liability only.[2]
On the trial date, plaintiff and defendant DiBenedetto moved informally to bar Travelers' continued participation in the liability trial. Plaintiff argued that Travelers had relinquished its right to proceed in defendant Heagney's shoes to prove defendant DiBenedetto's fault because it had not opposed plaintiff's settlement with defendant Heagney as it could have under Longworth v. Van Houten, 223 N.J.Super. 174, 538 A.2d 414 (App.Div.1988). Plaintiff further argued that if Travelers were permitted to proceed in defendant Heagney's place, it would amount to an unfair "double-team[ing]" of two defense lawyers against her when she had anticipated that, by settling with defendant Heagney, she would only have one adversary at trial. Therefore, plaintiff maintained that had she known that Travelers would be asserting defendant Heagney's position against defendant DiBenedetto, she would not have settled her claims against Heagney. Defendant DiBenedetto also objected to Travelers participation in the trial claiming that it was plaintiff and Travelers that were "doubling teaming" against her and that plaintiff's interests were sufficiently protected by her attorney without Travelers' participation in the trial.
Citing Zirger v. General Accident, 144 N.J. 327, 341, 676 A.2d 1065 (1996), which *832 recognized intervention as the appropriate vehicle for a UIM carrier to protect its interests at a damages trial, Travelers countered that the issues of liability and damages were so "interrelated, it would be totally inequitable" not to allow it to participate in the liability portion of the case. Travelers explained that it "was not going to ... step into the shoes of the plaintiff and ... go after [the] third defendant [Heagney] for excess money, we're not doing that." According to Travelers, its sole purpose in intervening was to try to reduce its liability exposure to plaintiff by establishing that defendant DiBenedetto was also at fault in the accident. Travelers further asserted that if it were permitted to continue in the case, plaintiff would not be prejudiced because she would still recover 100% of her damages.[3] Travelers explained that if the jury determined that defendant DiBenedetto had contributed to the accident, the percentage of fault attributed to DiBenedetto would be used to calculate the amount of damages her liability insurer would pay, thus reducing the underinsured portion of the damages for which Travelers would be responsible. That remaining percentage, of course, would be paid by Travelers in accordance with plaintiff's UIM coverage.
In sum, Travelers argued that it did not intervene in the case to establish defendant Heagney's liability in order to pursue his personal assets, because those were insulated from any further proceedings under the general release plaintiff had given Heagney. Rather, Travelers simply sought to protect its own liability exposure by seeking to demonstrate the co-defendant's negligent contribution to the accident.
Travelers also urged the court to devise a method by which it could participate in the trial which would not disclose its identity as an insurance carrier, but which would allow it to protect its liability exposure, suggesting the model offered by this court in Wenz v. Allstate Ins. Co., 316 N.J.Super. 570, 580, 720 A.2d 989 (App. Div.1998). In Wenz, we suggested that the carrier might be addressed as either "defendant," without further description, or by substituting the defendant's name. Ibid. In that way, Travelers maintained, the jury would not learn that it was an insurance company, a circumstance interdicted by our holding in Wenz. Ibid.
The trial judge rejected Travelers' arguments and granted plaintiff's application to preclude Travelers from participating in the trial. The judge noted that there was no precedent for allowing a UIM carrier to participate in a liability trial after it had allowed a plaintiff to settle with one of the tortfeasors in a personal injury case. He determined that allowing Travelers to step into the settled defendant's shoes would be against Travelers' own insured's interests, and would mislead the jury. He, therefore, concluded that Travelers "gave up [its] right to represent the third car ... when [it] allowed the settlement to go through."
At trial, plaintiff first called defendant DiBenedetto as a witness who testified as to the happening of the accident. She stated that she was hit in the rear by defendant Heagney's vehicle and was catapulted into plaintiff's vehicle. Plaintiff's version was similar. Hence, the jury did not learn of the version of plaintiff's testimony at depositions which Travelers maintains was different from her trial testimony. At the end of plaintiff's case, defendant Di Benedetto moved for "a directed verdict based upon the weight of the evidence [that] clearly shows that Mr. Heagney's vehicle was at fault and [defendant *833 DiBenedetto] was at a complete stop when the accident occurred." When asked whether he opposed the motion, plaintiff's counsel stated only that plaintiff "can only defer to the evidence which Your Honor heard and let Your Honor make a decision." Thereafter the judge granted the motion.
On appeal, Travelers makes the same arguments it made to the motion judge. We agree with Travelers, reverse the judgment and remand for a new trial. Travelers was entitled to continue in the action to attempt to establish defendant DiBenedetto's liability for the happening of the accident.
In Zirger, supra, 144 N.J. at 341, 676 A.2d 1065, the Supreme Court stated that "[s]ubject to the discretionary authority of trial courts to resolve specific motions for intervention, ... [UIM] carriers ordinarily may intervene in their insured's actions against the third-party tortfeasor." In that case, the Court held the failure to do so would bar the UIM carrier from relitigating the issue in a different forum. Id. at 342, 676 A.2d 1065. Indeed, in this case, a different judge had already granted Travelers' motion to intervene in plaintiff's personal injury action against defendants.
Defendant DiBenedetto had $1 million in liability coverage and plaintiff had $1 million in UIM coverage. Hence, DiBenedetto was not underinsured with respect to plaintiff because DiBenedetto's liability coverage was not less than plaintiff's UIM coverage. See N.J.S.A. 17:28-1.1(e). Only Heagney was underinsured with respect to plaintiff because his coverage did not exceed the mandatory minimum $15,000 in liability coverage. If it could be demonstrated that defendant DiBenedetto also had been negligent in operating her vehicle, her liability insurance would be "available" to plaintiff, see Hreshko v. Harleysville Ins. Co., 337 N.J.Super. 104, 111, 766 A.2d 776 (App.Div.2001), and Travelers' UIM liability would be reduced. It was for that reason Travelers intervened in the action.
The fact that plaintiff settled with defendant Heagney without Travelers opposing the settlement or seeking to become subrogated to plaintiff's rights against defendant Heagney is immaterial to the question whether Travelers should have been allowed to remain in the action. Travelers sought to pursue and establish defendant DiBenedetto's, not defendant Heagney's, liability. Indeed, Heagney's personal assets are insulated by the release given to him by plaintiff. That release, however, did not guarantee that plaintiff would have an unobstructed field in which to establish defendant Heagney as the sole responsible cause of the accident. When Travelers did not oppose plaintiff's settlement with defendant Heagney, that simply meant Travelers would not seek to be subrogated to plaintiff's rights against Heagney; it did not mean that Travelers was giving up its right to try to reduce its liability exposure to plaintiff for UIM damages with respect to defendant DiBenedetto's contributory negligence in the accident.
Indeed, plaintiff had little, if any, incentive to act vigorously to establish fault on the part of defendant DiBenedetto because plaintiff stood to recover 100% of the value of her claim for damages from Travelers under her $1 million UIM coverage. Further, by holding in DiBenedetto, plaintiff would be required to prove her damages through expert testimony, a more costly procedure in the Law Division than it is in UIM arbitration. That may be why plaintiff never mentioned at trial the fact that there actually had been two impacts during the accident. Nonetheless, we assume at some point in time plaintiff believed DiBenedetto had been at fault in the accident; otherwise, she would not have named DiBenedetto as a defendant. See Hreshko, supra, 337 N.J.Super. at 111, 766 *834 A.2d 776 (noting that "a claim must be filed in good faith and have an evidentiary and legal basis"). In these circumstances, at least, Travelers was entitled to try to demonstrate defendant DiBenedetto's contributory fault, if any, to the accident.
Moreover, we agree with Travelers that plaintiff will not suffer any prejudice if Travelers is successful in reducing its liability exposure to plaintiff. If Travelers establishes that DiBenedetto was also at fault for the accident, then plaintiff will recover damages represented by that percentage of DiBenedetto's liability in the accident from DiBenedetto's liability carrier, with the remainder of her claim for damages to be paid by Travelers under plaintiff's UIM endorsement. On the other hand, there is potential for harm to Travelers if it is barred from trying to establish DiBenedetto's fault in the accident because it would not be able to relitigate the issue of liability in any future UIM arbitration proceeding. We assume it is for that reason that the other judge permitted Travelers to intervene in the first instance. See Zirger, supra, 144 N.J. at 342, 676 A.2d 1065 (noting that a UIM carrier may be barred from enforcing its arbitration clause if it does not exercise its right to intervene when given adequate notice).
Accordingly, we disagree that Travelers' participation is improperly adverse to its insured's interests. Nor do we perceive any unfairness in "two lawyers ... [proceeding] against the middle car [DiBenedetto]" in this case. Finally, we do not agree with the motion judge's concern that permitting Travelers to stand in defendant Heagney's shoes would improperly mislead the jury. Indeed, we suggested a similar resolution in Wenz, supra, 316 N.J.Super. at 580, 720 A.2d 989. We continue to adhere to that suggestion as an appropriate mechanism for resolving Travelers' status at trial, especially where there appears to be disparate views as to the manner in which the accident occurred, and little incentive for plaintiff to pursue liability against defendant DiBenedetto. As the events suggest, neither the judge nor the jury heard the evidence concerning the number of impacts plaintiff's vehicle sustained during the accident. Without Travelers' participation in the trial, we cannot be certain that the liability question was properly resolved through a truly adversarial proceeding.
The judgment is reversed and the matter is remanded for a new trial. The trial judge shall try the case on liability first. In the event defendant DiBenedetto is exonerated of any liability, plaintiff shall proceed to have the value of her damage claim against Travelers determined in a UIM arbitration proceeding. If, on the other hand, defendant DiBenedetto is found liable, to any extent, the case shall proceed forthwith to a trial on damages. Any UIM arbitration that has been scheduled shall be stayed pending further proceedings not inconsistent with our decision.
The judgment is reversed.
NOTES
[1] According to the UIM carrier, the discovery conducted in the matter presented a disparate version of the accident than that presented by either plaintiff or DiBenedetto at trial. At trial, plaintiff testified as follows: "Q: So all you know is you heard some screeching and you got hit? A: Correct." However, at plaintiff's deposition, she stated that there were two impacts: the first was with the DiBenedetto vehicle which was more severe than the second impact which was with the Heagney vehicle.
[2] The record is silent on the issue, but we assume the matter was bifurcated because plaintiff sought to avoid the expense of producing a damage expert or experts, anticipating a dismissal in favor of DiBenedetto.
[3] It is undisputed that plaintiff was not at fault in the happening of the accident.